U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAY 16 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ANTHONY LEE WEATHERS | CIVIL ACTION NO. 08-596 |
| VERSUS | SECTION "P" |
| WARDEN SCHULTZ | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE KAY |

### TRANSFER ORDER

Before the Court is a petition for a writ of *habeas corpus* filed on April 30, 2008, by *pro se* petitioner, Anthony Lee Weathers, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at Ray Brook Federal Correctional Institution (FCI) in Ray Brook, New York, and names Warden Schultz as respondent.

Petitioner was convicted in the United States District Court for the Western District of Louisiana, Lake Charles Division, for mailing threatening communications. Petitioner was sentenced to forty-one months imprisonment.

Petitioner contends that his sentence computation is in error. Specifically, he states that his federal sentence should be credited for the time he spent in federal custody pursuant to a Writ of Habeas Corpus Ad Prosequendum relative to the above mentioned federal mail charge. At that time, petitioner was serving a five-year state sentence for three counts of theft and was transferred from state custody to the custody of the United States Marshals Service (USMS) for the purpose of court appearances. Petitioner's state sentence was credited for the time that he was in the custody of the USMS.

Petitioner expressly filed this action under 28 U.S.C. § 2241. Section 2241 is the proper

vehicle used to attack the manner in which a sentence is being executed. *Ojo v. INS*, 106 F.2d 680, 683 (5th Cir. 1997). In order to entertain a § 2241 *habeas* petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian.[1] *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978); *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077, 99 S.Ct. 854, 59 L.Ed.2d 45 (1979). In this regard, the Fifth Circuit has "firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition. *See Lee v. Wetzel*, 49 F.Supp.2d 875, 877 (E.D.La. 1999), citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) ("The district court likewise lacked jurisdiction to entertain Hooker's pleading as a § 2241 petition: Such a petition must be filed in the district where the prisoner is incarcerated"). Petitioner filed this action while incarcerated in FCI Ray Brook, located in Ray Brook, New York. Therefore, this court lacks jurisdiction to afford him the relief he requests. *United States v. Gabor*, 905 F.2d 76 (5th Cir. 1990).

Accordingly, **IT IS ORDERED** that the Clerk of Court **TRANSFER** the above-captioned case to the **UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF NEW YORK** for consideration as set forth under 28 U.S.C. §2241.

THUS DONE AND SIGNED, in Chambers, at Lake Charles, Louisiana, this 16th day of May, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).